United States District Court
Southern District of Texas
**ENTERED**
March 10, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE G. GOFF, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-560 |
| | § | |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Jackie G. Goff is an inmate in the custody of the Texas Department of Criminal Justice. This Court denied Goff's first federal habeas petition, *see* No. 4:96-cv-1711, Docket Entry No. 21, and the Fifth Circuit denied a certificate of appealability.

On March 4, 2020, Goff filed a motion for a certificate of appealability. This motion seeks to again challenge the same conviction challenged in Goff's 1996 habeas corpus petition.

AEDPA requires this court to dismiss any successive habeas petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Goff has

already challenged his conviction and sentence through a federal habeas corpus petition. Therefore, his recent filing constitutes a successive habeas petition.

This court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). The AEDPA vests authority in the Fifth Circuit to authorize the filing of a successive habeas application. Federal procedure allows a district court to transfer a successive habeas application to the circuit court for review under 28 U.S.C. § 2244(b)(2). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Under federal law,

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. "The legislative history of § 1631 indicates that Congress contemplated that the provision would aid litigants who were confused about the proper forum for review." *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (quotation omitted). Three conditions underlie a proper transfer: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070 (9th Cir. 2001).

This court lacks jurisdiction to consider Goff's claims until the Fifth Circuit, which could have exercised jurisdiction at the time he filed this action, makes a gateway determination under the AEDPA. "Normally transfer will be in the interest of justice because normally dismissal of an

action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). **This court directs the Clerk to transfer Goff's action to the Fifth Circuit Court of Appeals for a determination of whether, under 28 U.S.C. § 2244(b)(2), that court should authorize the filing of a successive habeas petition**.

SIGNED on March 9, 2020, at Houston, Texas.

*[signature: Lee H. Rosenthal]*

Lee H. Rosenthal
Chief United States District Judge